570

**STATE, Appellant, v. SASSLER, d. b. a. ROSELAWN STEAK HOUSE, Appellee.**

Common Pleas Court, Franklin County.

No. 179330.   Decided April 11, 1951.

Bernard J. McCluskey, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Thomas R. Lloyd, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By GESSAMAN, J.

This case is on appeal from the judgment of the Board of Liquor Control and has been submitted to the Court upon the record and the briefs of counsel. The Board of Liquor Control revoked the permits of appellant on five grounds which are contained in the Order of Revocation. These reasons we shall briefly discuss.

The first and third grounds are that "on August 30, 1948, the said permit holder made false material statements to an examiner of the Department of Liquor Control in the processing of a permit application questionnaire in that she stated she had never been the holder of a permit issued by the Ohio Department of Liquor Control;" and that "on May 25, 1949, the said permit holder made a false statement to agents and employees of the Ohio Department of Liquor Control in that she stated she had never previously held permits issued by the Ohio Department of Liquor Control;" The record discloses that the appellant had previously held permits issued by the Department of Liquor Control and that her statements, both to the agents and in the permit application questionnaire were false and that said statements were material. It is contended by counsel for appellant that since these statements were not made in the "application" itself but rather in the "application questionnaire" and to the inspectors that even though they are false material statements, they cannot be considered by the Board as a ground or grounds for the revocation of a permit. The Court is of the opinion that §6064-25 (2) GC is broad enough to include "any false material statement" made in connection with or in the application for a permit.

The second ground for the revocation of the permit is that "in the said application questionnaire the said permit holder stated that she and her husband, Morris Sassler, had not lived together as man and wife, which statement was false, the said Morris Sassler living at 17608 Puritas Road, Cleveland, Ohio, which is the same address as that given by the said Cecelia Sassler as her residence;" We do not find any competent evidence in the record to substantiate this charge and must, therefore, find that the Board abused its discretion in so finding. See **Eastern Ohio Distributing Company v. Board of Liquor Control, 59 Abs 188**, Ohio Bar of April 9, 1951.

The fourth ground for the revocation is that "on June 3, 1949, the said permit holder employed one Morris Sassler, a convicted felon, in her place of business;" Counsel for appellant does not deny and the record discloses that said Morris

Sassler had been convicted of a felony but does contend that there is not sufficient evidence in the record to substantiate the charge that he was in the employ of the appellant. · The Court has carefully read the record and feels that there is ample competent testimony to sustain the charge, such as evidence that Morris Sassler saw to it that some of the guests were seated and were served and that, at least upon one occasion immediately after closing hours, he was seen counting the money from the cash register.

The fifth ground for the revocation is that "on or about June 5, 1949, at or about 12:30 A. M. the said permit holder prevented, hindered and obstructed agents of the Ohio Department of Liquor Control from making an inspection of the said permit premises;" It is true that the witnesses for the appellant denied that she interfered with the agents of the Department in any way but it is likewise true that the witnesses on behalf of the Department all testified that both the appellant and others, who appear from the record to have been employees of the appellant, did materially interfere with the work of the agents that night.

It is not for this Court to substitute its judgment for that of the Board of Liquor Control in an appeal of this nature As stated in the last sentnce of the first syllabus in **Farrand v. State Medical Board, 151 Oh St 222:**

"The Court may not substitute its judgment for that of the agency but is confined to determining the rights of the parties in accordance with the statutes and other law applicable."

Furthermore, in the second syllabus of the Farrand case it has been held that

"The word, 'appeal,' as used in §154-73 GC, does not authorize a trial de novo of the matter which was before an administrative agency."

From our review of the findings of the Board of Liquor Control, it is apparent that it is the opinion of this Court that there was competent evidence in the record to substantiate the first, third, fourth and fifth charges contained in the findings of the Board of Liquor Control. It, therefore, follows that the order revoking the appellant's permits should be and therefore is affirmed.

Exceptions may be noted.